IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,     )

     Plaintiff,     )

     v.     )

UNIVERSITY OF MICHIGAN,     )

     )

     Defendant.     )     CIVIL ACTION NO.  15-12582

     )

## **CONSENT DECREE**

### **I.    Background**

1.    This Consent Decree resolves a civil action brought by Plaintiff United States against Defendant, the University of Michigan, to enforce the provisions of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and its implementing regulation, 29 C.F.R. §§ 1630 *et seq.*

2.    In its Complaint, the United States alleges that Defendant discriminated against Allissa Weber in violation of 42 U.S.C. § 12112 and 29 C.F.R. §§ 1630.2, 1630.4 and 1630.9, by failing to provide her with a reassignment as a reasonable accommodation when she could no longer perform her job because of a back disability; and discriminated against other similarly situated employees.  The Complaint also alleges that the Defendant's policy that employees with disabilities must be best qualified for a vacant position when reassignment is a necessary accommodation constitutes a pattern or practice of discrimination on the basis of disability, in violation of 42 U.S.C. §§ 12112(a), (b)(5)(A) and § 12117(a).

3.    This matter was initiated by a charge filed by Ms. Weber (Charge No. 471-2010-02601) with the Equal Employment Opportunity Commission

("EEOC"). The EEOC investigated the charge and found reasonable cause to believe that the allegations of discrimination on the basis of disability were true. After the EEOC's attempts at conciliation failed, the EEOC referred the charge to the United States Department of Justice ("the Department").

4. The Defendant has denied, defended, and disputed the allegations and claims contained in EEOC Charge No. 471-2010-02601 and this action.

5. The United States and Defendant (collectively "the parties") agree that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## II.  Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 2000e-6, and 28 U.S.C. §§ 1331 and 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391.

7. The United States has authority to initiate legal proceedings to enforce Title I of the ADA through litigation. 42 U.S.C. § 12117(a).

8. Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. §§ 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

## III.  Injunctive Relief

9. Defendant, by and through its officials, agents, employees, and all persons in active concert or participation with Defendant in the performance of employment or personnel functions, shall not continue its practice that

2

employees with disabilities must be the best qualified applicant for a vacant position when reassignment is a necessary accommodation and Defendant is unable to demonstrate undue hardship.

10. Within ninety (90) days of entry of this Decree, Defendant shall modify any and all policies related to transfers and reassignments as reasonable accommodations to explicitly and prominently state that the "best qualified" standard is not applicable to transfers/ reassignments as reasonable accommodations for employees with disabilities, and that Defendant's Standard Practice Guide 201.84 governs transfers/ reassignments as reasonable accommodations for employees with disabilities. The revised policies shall be consistent with the provisions of the EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act (http://www.eeoc.gov/policy/docs/accommodation.html#reassignment), related to reassignment to a vacant position as a reasonable accommodation, including but not limited to the following provisions:

   a. An employer must reassign an employee who, because of a disability, can no longer perform the essential functions of his/her current position, with or without reasonable accommodation, to a vacant position that is equivalent in terms of pay, status, or other relevant factors (e.g., benefits, geographical location) if the employee is qualified for the position.

   b. If there is no vacant equivalent position, the employer must reassign the employee to a vacant lower level position for which the individual is qualified.

   c. Assuming there is more than one vacancy for which the employee is qualified, the employer must place the individual in the position that comes closest to the employee's current position in terms of pay, status, etc. If it is unclear which position comes closest, the employer should consult with the employee about his/her preference before determining the position to which the employee will be reassigned.

11. Within ninety (90) days of entry of this Decree, Defendant shall provide its revised policies required under paragraph 10 above to the United States.

3

The United States may provide changes to these policies and the parties agree to discuss in good faith the recommended changes suggested by the United States and Defendant shall adopt any changes to the policies and procedures necessary to reflect the law's requirements.

Section IX of Defendant's Standard Practice Guide (SPG) 201.84 provides that: "In some cases, transfer of an employee with a disability into a vacant position for which he/she is qualified will constitute a reasonable accommodation. Reassignment may be made to a vacant position which is the same or lower pay grade as the position currently held by the employee. Whenever reassignment to a vacant position is the only way in which an employee with a disability can be reasonably accommodated, *the employee with a disability will be given priority for placement into that vacant position.*" (emphasis added). Within ninety (90) days of entry of this Decree, Defendant shall modify any practices to ensure that SPG 201.84 and Defendant's revised policies under paragraph 10 will be followed.

12. Within one hundred fifty (150) days of entry of this Decree, Defendant shall disseminate a copy of its modified policies and practices related to transfers and reassignments as reasonable accommodations to all employees. Throughout the term of this Decree, Defendant will disseminate these policies and practices to all new employees within thirty (30) days of their hire. Defendant may meet this obligation by posting copies of its modified policies and practices on its human resources website, publicizing the new policy in the University Record, and including the policy in new employee orientation.

13. Within one hundred fifty (150) days of entry of this Decree Defendant will provide to the Department of Justice a copy of all the policies referenced in paragraph 12 above, and a declaration from a responsible Defendant official verifying that they have been disseminated to all employees and will be disseminated to all new employees within thirty (30) days of their hire.

14. Defendant shall provide training on all aspects of Title I of the ADA ("ADA Training") as follows:

    a. Defendant shall provide mandatory training to all current Human Resources employees, and Supervisory employees (as defined by the

current University "Deans, Directors, Department Heads" code (3D list)) within one hundred fifty (150) days of the effective date of this Decree. *See, e.g.*;
http://www.eeoc.gov/policy/docs/accommodation.html; and
http://www.eeoc.gov/laws/statutes/adaaa_notice.cfm. Defendant may meet this training obligation through the use of on-line training.

b. ADA Training shall also be provided to new Supervisory employees and Human Resources employees, whether by hire or promotion after the entry of this Decree, within thirty (30) days of the start of their duties.

c. Following the initial mandatory training, Defendant shall annually send refresher ADA training materials to all Supervisory employees and maintain the training materials on its website for the term of this Decree. All Human Resources employees, however, shall receive mandatory annual training for the duration of this Decree.

Defendant shall provide the United States with a copy of the proposed training and will discuss in good faith any changes proposed by the United States and will adopt any such changes necessary to comply with the ADA. Defendant shall maintain records of completion of training reflecting the date of the trainings and the names of all employees who attend the training, along with their job titles.

Within thirty (30) days of the effective date of this Decree, Defendant shall submit to the Department for approval, which shall not be unreasonably withheld, the identity of the trainer it seeks to use, including the individual's Curriculum Vitae. The trainer shall be knowledgeable about Title I of the ADA.

15. Six (6) months after the effective date of this Decree, and every six (6) months thereafter during the term of this Decree, the Defendant shall provide a written report ("Report") to the Department regarding its efforts to comply with this Decree. The Report shall include, for the preceding six-month period:

5

    a.  A specific acknowledgment that the Defendant has, for the instant reporting period, complied with the requirements of the Decree, including the training requirements, specified in paragraphs 9 –14 above;

    b.  All copies of the on-line training records maintained for the trainings described in paragraph 14 above; and

    c.  Notification regarding any lawsuit, written complaint, charge, or grievance alleging that the Defendant has failed to accommodate an employee who may need reassignment to a vacant position as described in paragraph 10 of this Decree.

All information provided pursuant to the above reporting requirements under this Decree should be provided to the Department via overnight courier service to:  Rebecca B. Bond, Chief, Disability Rights Section, DJ No. 205-37-48, Civil Rights Division, U.S. Department of Justice, 1425 New York Avenue, N.W., Fourth Floor, Washington, D.C. 20005.

## IV.   Specific Remedial Relief for Allissa Weber

16.  Within thirty (30) days of the effective date of this Consent Decree, the Defendant shall offer to Ms. Weber:

    a.  A total monetary award of $156,674.37, which includes:

        i.  A monetary award in the gross amount of $68,042.47.  This monetary amount shall be subject to any applicable federal, state, and local taxes, in addition to other payroll tax withholding deductions, and the Defendant shall issue an IRS Form W-2 to Ms. Weber for this amount.

        ii.  A monetary award of $7,028.14, which will be designated as accumulated interest on the back pay.  This amount shall not be subject to withholding deductions, and the Defendant shall issue an IRS Form 1099-INT to Ms. Weber for this amount.

        iii.  A monetary award of $1,603.76, which will be designated as

reimbursement for out of pocket medical expenses. This amount shall not be subject to withholding deductions.

    iv. A monetary award of $80,000, which will be designated as compensatory damages. This amount shall not be subject to withholding deductions, and the Defendant shall issue an IRS Form 1099-INT to Ms. Weber for this amount.

  b. Adjustment of Ms. Weber's retirement date, with all associated rights and benefits, to reflect no lost time during her unpaid leave period from 2010-2012.

17. Within forty-five (45) days of the effective date of this Decree, the Defendant shall send to Ms. Weber a copy of this signed Consent Decree, along with a letter and Release of Claims Form (attached as Exhibits 1 and 2 respectively). In order to accept the relief offered by the Defendant, Ms. Weber must execute and return the Release of Claims Form (Exhibit 2) to the Defendant within thirty (30) days of her receipt of the Defendant's letter (Exhibit 1).

18. The Defendant shall send the United States a copy of Exhibits 1 and 2 when they are sent to Ms. Weber.

19. If Ms. Weber accepts the Defendant's relief offer outlined in paragraph 16 above, the Defendant shall pay the monetary sum within fifteen (15) days of receipt of her signed Release of Claims Form.

## V. Additional Individual Relief

20. Within thirty (30) days of the effective date of this Consent Decree, the Defendant shall offer to pay Ms. Connie Thacker a total monetary award of $58,445.47, which includes:

  a. A monetary award in the gross amount of $56,566.26. This monetary amount shall be subject to any applicable federal, state, and local taxes, in addition to other payroll tax withholding deductions, and the Defendant shall issue an IRS Form W-2 to Ms. Thacker for this amount.

7

b. A monetary award of $1,879.21, which will be designated as accumulated interest on the back pay. This amount shall not be subject to withholding deductions, and the Defendant shall issue an IRS Form 1099-INT to Ms. Thacker for this amount.

21. Within forty-five (45) days of the effective date of this Decree, the Defendant shall send to Ms. Thacker a copy of this signed Consent Decree, along with a letter and Release of Claims Form (attached as Exhibits 1 and 2 respectively). In order to accept the relief offered by the Defendant, Ms. Thacker must execute and return the Release of Claims Form (Exhibit 2) to the Defendant within thirty (30) days of her receipt of the Defendant's letter (Exhibit 1).

22. The Defendant shall send the United States a copy of Exhibits 1 and 2 when they are sent to Ms. Thacker.

23. If Ms. Thacker accepts the Defendant's relief offer outlined in paragraph 20 above, the Defendant shall pay the monetary sum within fifteen (15) days of receipt of her signed Release of Claims Form.

## VI. Implementation and Enforcement

24. Failure by the United States to enforce any provision of this Consent Decree shall not be construed as a waiver of the United States' right to enforce any provisions of this Decree.

25. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

26. The United States may review compliance with this Consent Decree at any time. If the United States believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with the Defendant and the parties will attempt to resolve those concerns in good faith. The United States will give the Defendant thirty (30) days from the date it notifies the Defendant of any breach of this Consent Decree to cure that breach before filing a motion for contempt or taking any other enforcement action.

27. With regard to any of the deadlines specified in this Consent Decree, if a party cannot meet the deadline specified, that party shall notify the other party at least ten (10) business days before the deadline, of the party's inability to meet the deadline and the reason(s) why, and shall request an extension of time to a specific date. The other party shall be reasonable in agreeing to extend deadlines and agree to a reasonable amount of time for the extension.

28. This Consent Decree shall be binding upon the Defendant, its agents, and employees.

29. A signatory to this document in a representative capacity for Defendant represents that he or she is authorized to bind the Defendant to this Consent Decree.

30. This Consent Decree constitutes the entire agreement between the United States and the Defendant on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, including its attachments, shall be enforceable.

31. This Consent Decree is not intended to remedy any other potential violations of the ADA or any other law that is not specifically addressed in this Consent Decree.

32. This Consent Decree does not affect the Defendant's continuing responsibility to comply with all aspects of the ADA.

33. A copy of this Consent Decree or any information contained herein may be made available to any person, and the Defendant shall provide a copy of this Consent Decree to any person upon request.

34. The parties agree that as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in paragraphs 1 – 3. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in paragraphs 1 – 3, the party is no

longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

35. The effective date of this Consent Decree is the date the Court enters the Decree.

36. The duration of this Consent Decree will be three (3) years from the effective date.

AGREED AND CONSENTED TO:

David Masson,
Legal Counsel for University of
Michigan

7/21/15
Date

Vanita Gupta
Principal Deputy
Assistant Attorney General.

Eve L. Hill
Deputy Assistant Attorney General
Civil Rights Division

Rebecca B. Bond, Chief

Sheila M. Foran, Special Legal
Counsel

Amanda Maisels, Deputy Chief

Rachel M. Smith, Trial Attorney

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 305-1613

10

Jennifer Gorland
Acting United States Attorney
Eastern District of Michigan

Susan K. DeClercq
Assistant U.S. Attorney
Chief, Civil Rights Unit

July 22, 2015
Date

11

## Exhibit 1

**BY OVERNIGHT MAIL**

[Name]
[Address]

       Re:   Weber v. University of Michigan
               Civil Action No. [  ]
               EEOC Charge # 471-2010-02601

Dear _____ :

      The United States Department of Justice and the University of Michigan ("the University") have entered into a Consent Decree to resolve the charge you filed in this matter. A copy of the Consent Decree is enclosed.

      Under the Consent Decree, the University is offering you a payment of $ _____ . In order to accept the University offer, you must sign and notarize the enclosed Release of Claims Form and return it to the University within thirty (30) days of your receipt of this letter. You may return the forms by mail to:

           David Masson
           Office of the Vice President and General Counsel
           5010 Fleming Administration Building
           503 Thompson Street
           Ann Arbor, Michigan 48109-1340
           (734) 764-0304

      The remedial relief is offered to you on the following condition: if you accept it, you will be required to release the University from all claims you may have against it, arising out of EEOC Charge # 471-2010-02601 and Civil Action No. [  ] filed in the Federal District Court for the Eastern District of Michigan. Within fifteen (15) days of the University's receipt of your executed Release of Claims Form, the University will forward you a check in the amount of $ [  ].

      If you have any questions concerning this letter or the Consent Decree, you may contact me at _____ or you may contact Rachel M. Smith at the

Department of Justice at (202) 305-1613.

Sincerely,

XXXXXXXXX

Enclosure:    Copy of Executed Consent Decree
              Release of Claims Form

cc:     Rachel M. Smith, U.S. Department of Justice
        Susan K. DeClercq, U.S. Attorney's Office

13

**Exhibit 2**

**RELEASE OF CLAIMS FORM**

Weber v. University of Michigan
Civil Action No. [ ]
EEOC Charge # 471-2010-02601

      For and in consideration of the remedial relief made by the University of Michigan, ("the University") under the provisions of the Consent Decree entered into by, and between, the United States and the University, I, _____, hereby release and forever discharge the University, and its current, past, and future officials, employees, agents, successors, assigns, and administrators, of and from any legal and equitable claims, actions, causes of action, suits, controversies, damages, and demands whatsoever that I had, now have, or hereafter may have arising out of Civil Action No. [ ] filed in the United States District Court for the Eastern District of Michigan and EEOC Charge No. 471-2010-02601.

      This Release constitutes the entire agreement between me and the University without exception or exclusion. This Release will be considered null and void in the event that the University fails to offer the relief provided for in Paragraph __ of the Consent Decree within fifteen (15) days of receipt of this executed Release.

      I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed. I also acknowledge that a copy of the Consent Decree has been made available to me.

Signed this _____ day of _____, 2015.

_____
[NAME]

Sworn and subscribed to before me this _____ day of _____,
2015

_____
Notary Public              My commission expires: _____

14